**SO ORDERED.**

**SIGNED this 20 day of October, 2010.**



_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. 05-40683-JDW |
| TOM'S FOODS, INC., | ) | |
| | ) | |
|     DEBTOR. | ) | |
| | ) | |
| EUGENE I. DAVIS, Responsible Officer | ) | ADVERSARY PROCEEDING |
| for the bankruptcy estate of Tom's Foods, | ) | NO. 07-4012 |
| | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| MCDERMOTT WILL & EMERY LLP, | ) | |
| | ) | |
|     DEFENDANT. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Plaintiff:        J. Robert Williamson
                      John T. Sanders
                      1500 Candler Building
                      127 Peachtree Street, N.E.
                      Atlanta, Georgia 30303

For Defendant:        Barbara Ellis-Monro
                      170 Mitchell Street, S.W.
                      Atlanta, Georgia 30303

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant's motion for summary judgment in an avoidance action. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(F), (H). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following opinion in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Background**

Debtor Tom's Foods, Inc. filed a Chapter 11 petition on April 6, 2005. Plaintiff Eugene Davis is the responsible officer for Debtor's bankruptcy estate. Defendant McDermott Will & Emery LLP is a law firm that was employed by Debtor for several years prior to the filing date. On April 5, 2007, Plaintiff filed a complaint against Defendant to recover prepetition transfers made by Debtor to Defendant as preferences and/or fraudulent conveyances. The complaint sought to recover transfers of $882,759.59 made during the year preceding the petition date.

Defendant filed a motion for summary judgment, arguing it is entitled to judgment as a matter of law because (1) Plaintiff relinquished its right to bring this suit as part of a settlement agreement in a different adversary proceeding in this bankruptcy case; (2) the transfers at issue are not preferences because (a) Defendant is not an insider of Debtor and most of the payments were made outside the 90-day reachback period; and (b) the transfers were advance payment retainers rather than transfers on account of antecedent debt; and (3) the transfers at issue are not fraudulent conveyances because Defendant provided reasonably equivalent value in the way of legal services in exchange for the money.

Plaintiff responded to the motion for summary judgment, contending that multiple facts

material to the case are in dispute. The Court agrees with Plaintiff and will deny Defendant's motion for summary judgment due to the existence of factual disputes.

## Conclusions of Law

Pursuant to Federal Rule of Civil Procedure 56, made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7056, the Court may grant summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

### The Settlement Agreement

Defendant has pointed to a settlement agreement as one basis for summary judgment. On April 5, 2007, Plaintiff filed an avoidance action against Michael E. Heisley, Sr. and related entities (the "Heisley Adversary"). The parties settled the adversary proceeding. Article 3 of the settlement agreement provided in part that Plaintiff would

> fully and forever release Heisley and Heico Holding Inc., together with their ... attorneys ... from any and all claims ... or causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, fixed or contingent, whether arising in the past, present or future, arising out of or relating to the Adversary Proceeding, other preferential transfer, potentially fraudulent transfer, or avoidance/disallowance claims that were

4

>available to the Debtor under the Bankruptcy Code or applicable state law[.]

(Def.'s Mot. Sum. J'mt, Ex. F.) (emphasis added).

Defendant contends that at the time the settlement agreement was executed, it represented Mr. Heisley. Therefore, the agreement serves to waive any claims Plaintiff might have against Defendant. However, Plaintiff contends that Defendant's representation of Mr. Heisley did not include the Heisley Adversary. Because the settlement agreement did not reference Defendant by name, it is not covered by the release. In addition, Plaintiff contends the release was only intended to apply to claims related to the Heisley Adversary. These contentions demonstrate a genuine dispute of material fact as to the scope of the settlement agreement. Therefore, the Court cannot grant summary judgment on the ground that Plaintiff released the claims at issue in this proceeding.

## The Preference Claim

Under 11 U.S.C. § 547(b), Plaintiff may recover as preferential:

>any transfer of an interest of the debtor in property–
>(1) to or for the benefit of a creditor;
>(2) for or on account of antecedent debt owed by the debtor before such transfer was made;
>(3) made while the debtor was insolvent;
>(4) made–
>	(A) on or within 90 days before the date of the filing of the petition;
>	(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>(5) that enables such creditor to receive more than such creditor would receive if–
>	(A) the case were a case under chapter 7 of this title;

     (B) the transfer had not been made; and
     (C) such creditor received payment of such debt to the
  extent provided by the provisions of this title.

11 U.S.C. § 547(b).  Because Plaintiff seeks to recover transfers made up to a year prior to the petition date, he must establish Defendant is an insider of Debtor.  In this case, Stanley Meadows is a member of a professional corporation that is a partner of Defendant.  In addition, he sat on the board of directors of Debtor.  Defendant argues these facts are not sufficient to establish insider status.  However, Plaintiff has contested Defendant's assertion by offering additional facts in an effort to show Mr. Meadows's level of control over the relationship between Defendant and Debtor indicates it was not an arm's length debtor-creditor relationship.

  Defendant also contends the transfers were neither of an interest of Debtor in property nor made on account of antecedent debt because they were advance payment retainers.  Plaintiff contests Defendant's characterization of the payments, noting that Defendant has offered no evidence of a retainer agreement or an engagement agreement.

  These contentions demonstrate a genuine dispute of material fact as to Defendant's insider status and the purpose of the payments to Defendant.  Therefore, the Court cannot grant summary judgment to Defendant on the preference claim.

The Fraudulent Conveyance Claim

  To prevail on a fraudulent transfer claim, either under bankruptcy law or state law, Plaintiff must prove Debtor failed to receive "reasonably equivalent value" for the transfers at issue.  11 U.S.C. § 548(a)(1)(B)(I); O.C.G.A. § 18-2-75(a).  Defendant contends its invoices demonstrate it provided substantial legal services for Debtor in exchange for the payments it

received. Plaintiff contends the descriptions of work in the invoices are too vague and cursory to evaluate whether the services constituted reasonably equivalent value. These contentions demonstrate a genuine dispute of material fact as to the sufficiency of value received by Debtor. Therefore, the Court cannot grant summary judgment to Defendant on the fraudulent conveyance claim.

## Conclusion

The Court has found genuine disputes of fact material to both the preference and fraudulent conveyance claims. In addition, the Court has found genuine disputes of fact material to interpretation of the settlement agreement in the Heisley Adversary and its release provision. Therefore, the Court will deny Defendant's motion for summary judgment.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT